<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN CAMILO CADENA-BOTERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FCI FORT DIX,<br><br>Respondent. | Civil Action No. 24-11224 (GC)<br><br>**MEMORANDUM ORDER** |

<u>**CASTNER, District Judge**</u>

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, Fort Dix MDL, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1 (Petition).)

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for Section 2241 petitions, *i.e.*, AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Furthermore, Petitioner did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* (IFP).

**IT IS**, therefore, on this 20th day of December, 2024, **ORDERED** as follows:

1. The Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter without filing the Petition. Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not

subject to the statute of limitations time bar if it was originally filed timely. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . .").

2. The Clerk shall forward to Petitioner a blank Section 2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241—by regular U.S. mail. The Clerk's service of the blank Section 2241 form shall not be construed as this Court's finding that the petition is or is not timely, that the Petitioner's claims are or are not unexhausted, or that his claims are or are not procedurally defaulted.

3. If Petitioner withes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form *and* either (i) a complete IFP application or (ii) the five-dollar filing fee.

4. Upon receipt of a writing from Petitioner stating that he wishes to reopen this case, the complete, signed habeas petition on the appropriate form, and either a complete IFP application or payment of the filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case.

5. The Clerk shall serve a copy of this Order and a blank form DNJ-Pro Se-007-B-(Rev. 09/09) upon Petitioner by regular U.S. mail.

_____
Honorable Georgette Castner
United States District Judge