<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN CAMILO CADENA-BOTERO, <br><br> Petitioner, <br><br> v. <br><br> WARDEN FCI FORT DIX, <br><br> Respondent. | Civil Action No. 24-11224 (GC) <br><br> **<u>MEMORANDUM & ORDER</u>** |

<u>**CASTNER, District Judge**</u>

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, Fort Dix MDL, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1 ("Petition").) On December 20, 2024, the Court entered a Memorandum Order directing the Clerk of the Court to administratively terminate this case, without filing the Petition, and stating that, if Petitioner wishes to reopen this case, he shall so notify this Court in writing and submit a complete, signed habeas petition on the appropriate form *and* either a complete application to proceed *in forma pauperis* ("IFP") or the five-dollar filing fee. (ECF No. 3 at 1-2.)

A complete, signed habeas petition on the appropriate form was received on January 7, 2025. (ECF No. 4 ("Amended Petition").)

The Court has not received the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or a completed IFP application. In the cover letter submitted with his Amended Petition, Petitioner states that he is "sending a copy of the $5.00 dollars money order that was sent with the prior petition rejected [sic], for the Court fee payment." (ECF No. 4 at 1.) He attaches a copy of

a receipt for the purchase of a $5.00 money order dated December 12, 2024. (*Id.*) However, a docket entry dated December 18, 2024 states "[n]o payment or IFP application received." Furthermore, it is unclear whether any money order was made payable to the "Clerk, United States District Court." *See* Loc. Civ. Rules, App. K.

**IT IS**, therefore, on this 15th day of January, 2025, **ORDERED** as follows:

**ORDERED** that this matter shall remain administratively terminated; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (i) a complete IFP application or (ii) the five-dollar filing fee, payable to the "Clerk, United States District Court"; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank form DNJ-Pro Se-007-B-(Rev. 09/09) upon Petitioner by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge